# United States District Court
## For The Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>Donnie Lee Griffin<br>a/k/a Landon Trevor Andersen | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: DNCW210CR000003-001<br><br>USM Number: 18042-058<br>Anthony G. Scheer and Eben T Rawls , III<br>Defendant's Attorney |

THE DEFENDANT:

<u>X</u>    Pleaded guilty to count(s) <u>1, 2, 3, 4 and 5</u>.
___    Pleaded nolo contendere to count(s) which was accepted by the court.
___    Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud, Aiding and Abetting | 11/21/2009 | 1 |
| 18 U.S.C. §§ 1028A(a)(1) | Aggravated Identity Theft, Aiding and Abetting | 4/20/2009 | 2 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud Affecting a Financial Institution, Aiding and Abetting | 4/30/2009 | 3 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud Affecting a Financial Institution, Aiding and Abetting | 4/17/2009 | 4 |
| 18 U.S.C. §§ 1029(a)(3) and 2 | Access Device Fraud, Aiding and Abetting | 11/21/2009 | 5 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

___    The defendant has been found not guilty on count(s) .
___    Count(s) (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: 2/2/2012

_____
Martin Reidinger
United States District Judge

Date:     February 8, 2012

Defendant: Donnie Lee Griffin  Judgment-Page 2 of 9
Case Number: DNCW210CR000003-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of (seventy-one) 71 months as to each of Counts 1, 3, 4 and 5, to run concurrently and 24 months as to Count 2, to run consecutively as to each of Counts 1, 3, 4 and 5, to produce a total term of ninety-five (95) months.

The Court brings to the attention of the custodial authorities that during the pendency of these charges the Defendant has undertaken to legally change his name to Landon Trevor Andersen.

_X_  The Court makes the following recommendations to the Bureau of Prisons:

- Participate in any available mental health treatment programs that may be available.
- Participate in any educational and vocational opportunities.
- Participate in the Federal Inmate Financial Responsibility Program.
- Court recommends defendant be placed as close as possible to Pensacola, FL, considering his security classification.

_X_  The Defendant is remanded to the custody of the United States Marshal.

___  The Defendant shall surrender to the United States Marshal for this District:

  ___  As notified by the United States Marshal.

  ___  At___ a.m. / p.m. on ___.

___  The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ___  As notified by the United States Marshal.

  ___  Before 2 p.m. on ___.

  ___  As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.


_____
  United States Marshal

By: _____
  Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>five (5) years. This term consists of five (5) years on each of Counts 1, 3 and 4, and one (1) year as to Count 2, and three (3) years as to Count 5, all such terms to run concurrently.</u>

____ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively; The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of supervision.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.
25. The defendant shall participate in transitional support services under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider and/or with the approval of the U.S. Probation Officer.

ADDITIONAL CONDITIONS:

26. Throughout the period of supervision the probation officer shall monitor the defendant's economic circumstances and shall report to the court, with Recommendations as warranted, any material changes that affect the defendant's ability to pay any court ordered penalties.

27. The defendant shall submit to a mental health evaluation/treatment program under the guidance and supervision of the United States Probation Office. The defendant shall remain in treatment and maintain any prescribed medications until satisfactorily discharged by the program and with the approval of the United States Probation Office.

28. The defendant shall file tax returns with the Internal Revenue Service as required by law and provide the United States Probation Office with proof of same.

29. The defendant shall cooperate with the Internal Revenue Service to pay all outstanding taxes, interest and penalties.

30. The defendant shall be prohibited from engaging in any occupation, business, or profession, or volunteering in any capacity with any organization regarding the handling of monetary instruments .

31. The defendant shall allow the United States Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on computers the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage.

32. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files folders, or volumes of any media. The defendant shall, upon request, immediately provide the probation officer with any and all passwords required to access data compressed or encrypted for storage by any software.

33. The defendant shall provide a complete record of all passwords, internet service providers, email addresses, email accounts, screen names, etc. (past and present) to the probation officer and shall not make any changes without the prior approval of the United States Probation Officer.

34. The defendant shall not use, possess, or control any bootable linux or counter forensic tools.

35. The defendant may not use any computers during the period of supervision on which the software described previously has not yet been installed. The installation must take place before the defendant uses any computer that he is authorized to use.

36. The defendant may not use any false name or identification of any kind for any purpose whatsoever.

37. The defendant may not open any credit card account of any kind without the express advanced approval of the United States Probation Officer.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $500.00 | $0.00 | $297,254.33 |

___ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

**FINE**

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

_X_ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

_X_ The interest requirement is waived.

___ The interest requirement is modified as follows:

**COURT APPOINTED COUNSEL FEES**

___ The defendant shall pay court appointed counsel fees.

___ The defendant shall pay $_____ Towards court appointed fees.

Defendant: Donnie Lee Griffin  Judgment-Page 4a of 9
Case Number: DNCW210CR000003-001

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| Alliant Credit Union | $10,532.57 |
| American Express Global Security | $11,654.78 |
| Citigroup Investigative Service | $262,742.39 |
| JPMorgan Chase | $9,928.42 |
| Revolution Card | $2,065.59 |
| Wells Fargo | $330.58 |



___  Joint and Several

  ___  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)* if appropriate:

  ___  Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered here in and may order such payment in the future.

  ___  The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim(s) receive full restitution.

  _X_  Any payment not in full shall be divided proportionately among victims.

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- A  __  Lump sum payment of $ _____ Due immediately, balance due
  - __ Not later than _____ , or
  - __ In accordance ___ (C), ___ (D) below; or

- B  <u>X</u>  Payment to begin immediately (may be combined with __ (C), <u>X</u> (D) below); or

- C  __  Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____ (E.g. 30 or 60 days) after the date of this judgment; or

- D  <u>X</u>  Payment in equal <u>Monthly</u> (E.g. weekly, monthly, quarterly) installments of $ <u>50.00</u> To commence <u>60</u> (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

- __ The defendant shall pay the cost of prosecution.
- __ The defendant shall pay the following court costs:
- <u>X</u> The defendant shall forfeit the defendant's interest in the following property to the United States as outlined in the Preliminary Order of Forfeiture, docket number 17 filed October 19, 2010, as follows:

1. E-Tower Model 500 computer Model H0005379, s/n QFK04;
2. Dell XPS laptop w/backpack, s/n GDXC291;
3. Gateway Model 510X computer, s/n 1100407329;
4. Dell XPS, s/n HM3DZ91;
5. Dell Model WHL, s/n F275V91;
6. HP Pavilion, s/n MXU9110NJK;
7. Sony computer rechargeable battery pack, s/n VGP-PBPS12;
8. Sony digital media player, s/n 5007335;
9. Lexar 2GB thumb drive Model #N12610, s/n JDSEP2GB-00-5001;
10. Verizon thumb drive, s/n 09109748592;
11. Geek Squad 8G thumb drive;
12. Sony camera, Model #DSLR-A380 w/accessories and black bag, s/n 0501856;
13. Fargo ID card printer w/4 boxes of cards, s/n A6160323;
14. Dell small screen monitor; s/n CN-ODC323-71618-631-AJCV;
15. Geek Squad power supply, Model GS-1285U; s/n Z545X2001048;
16. Geek Squad power supply, Model GS-700U; s/n Z526P2000486;
17. Dell wide screen monitor , Model 2405FPW; s/n CN-0T6133-46633-643-31NS;
18. Dell keyboard, Model #RT7D60; s/n CN-0T6867-37172-615-009F;
19. Dell keyboard, Model #RT7D40; s/n TH-0U0097-37171-5CK-015K;
20. Bose speakers x 2; s/n 035734Z52610595BP;
21. Dymo LabelWriter 400, Model #93176; s/n 05100293176;
22. Linksys router, Model #EZXS88W, 8 port; s/n RA34061032060;
23. Motorola router, Model #SB5120; s/n 155058618801244001013006;
24. Linksys router, Model #WRT54G 2.4 GHz; s/n CDF80E644291;
25. Simple Share router; s/n 0544091561;

26. Compaq Presario, s/n SR1463CL;
27. Seagate hard drive; s/n 3LE0FRZ7;
28. Achiever security camera; s/n 1027629; w/ Kodak tripod;
29. CrossMatch fingerprint capture device; s/n 300U-0031668;
30. Topaz Systems Inc. signature pad, Siglite Model #T-S460-H5B;
31. Dell mouse, Model #M-UVDEL1; s/n HC560424122;
32. Logitech wireless mouse, Model #N231; s/n 852296-0000; PID #LZ602B6;
33. Dell wireless 1450 USB adapter; MAC #0014A58AF6A2;
34. Dell adapter; MAC #0014A58783F8;
35. CE card reader, Model #MW3170; s/n T60004C00064;
36. Dell wireless mouse; s/n LZA54601637;
37. $10,056.00 in United States Currency;
38. Motorola I880 phone w/charger
39. Sprint Treo phone w/case and palm charger;
40. 5 Sony DVD-R's; 1 Maxell DVD-RW; 2 Sandisk SD devices; 3 DVD-R's in Netflix envelop;
41. Motorola I876 w/charger;
42. $84.00 United States Currency;
43. Total Rewards gift card w/$299.98 balance;
44. Two gift cards with $100 balance each; no exp. Date;
45. 6 Visa and 1 Mastercard check and debit cards;
46. Linksys IP phone, Model #SPA922; s/n SIN4MK00HC22451; connected to power supply, Internet access point and computer;
47. HP color laser jet printer, Model #CP2025; s/n CNBSC15285;
48. HP Office Jet Pro 8500 Premier printer w/A/C adapter; s/n MY91H2104J
49. 1 DVD-RW; 3 DVD-R's;
50. Motorola I930 w/charger and 1GB digital data card;
51. Bamboo pad w/pen, Model #MTE-450A; s/n 8KP024879;
52. Sony Vaio laptop; s/n 3103917; w/Vaio USB port and Sprint Wifi connection card, charging battery and wireless mouse.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 309 U.S. Courthouse, 100 Otis Street, Asheville, NC, 28801, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## STATEMENT OF ACKNOWLEDGMENT

I understand that my term of supervision is for a period of _____months, commencing on _____ .

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I understand that revocation of probation and supervised release is mandatory for possession of a controlled substance, possession of a firearm and/or refusal to comply with drug testing.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed)   _____          Date: _____
                    Defendant

(Signed)   _____          Date: _____
                    U.S. Probation Office/Designated Witness